# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
No. 13-869V
Filed: January 11, 2017

| | |
|---|---|
| * * * * * * * * * * * * * | UNPUBLISHED |
| MATTHEW RUPPERT, | |
| | Special Master Gowen |
| Petitioner, | |
| | Attorneys' Fees and Costs |
| v. | |
| SECRETARY OF HEALTH | |
| AND HUMAN SERVICES, | |
| Respondent. | |
| * * * * * * * * * * * * * | |

Sylvia Chin-Caplan, Law Office of Sylvia Chin-Caplan, Boston, MA, for petitioner.
Debra F. Begley, United States Department of Justice, Washington, DC, for respondent.

## DECISION ON INTERIM ATTORNEYS' FEES AND COSTS[1]

On November 1, 2013, Matthew Ruppert ("petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2]  Petitioner alleged that as a result of receiving the Human Papillomavirus ("HPV" or "Gardasil"), Hepatitis A, and/or influenza ("Flu") vaccines on December 8, 2012, he developed Multiple Sclerosis ("MS"). Petition at Preamble, Amended Petition at Preamble.

Petitioner was represented by Thomas P. Gallagher until December 22, 2015, when Ronald C. Homer, or Conway, Homer & Chin-Caplan ("CHCC"), was substituted as counsel. Interim attorneys' fees and costs were awarded to Mr. Gallagher prior to his withdrawal.  See

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012)(Federal Management and Promotion of Electronic Government Services).  As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party:  (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to 34 (2012) (Vaccine Act or the Act).  All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

Decision, dated October 22, 2015.  On December 15, 2016, petitioner filed a motion to substitute Sylvia Chin-Caplan, of the Law Office of Sylvia Chin-Caplan, in place of CHCC, along with second motion for interim attorneys' fees and costs for CHCC.

Petitioner requests $54,406.50 in attorneys' fees and $10,660.31 in attorneys' costs, for a total interim fees and costs request of $65,066.81.  Petitioners' ("Pet.") Application ("App.") at 1.  Respondent filed a response to petitioner's application on January 3, 2017.  Respondent states that she "defers to the Special Master to determine whether or not petitioner has met the legal standard for an interim fees and costs award," and that "[s]hould the Special Master conclude that a second award of interim fees and costs is appropriate, respondent respectfully requests that the special master exercise his discretion and determine a reasonable award for attorneys' fees and costs."  Respondent's Response at 3-4.

## I.   Interim Attorneys' Fees and Costs

The Vaccine Act permits an award of reasonable attorneys' fees and costs under 42 U.S.C. section 300aa-15(e).  Interim attorneys' fees and costs are permissible under the Vaccine Act.  See Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1352 (Fed. Cir. 2008); see also Shaw v. Sec'y of Health & Human Servs., 609 F.3d 1372 (Fed. Cir. 2010).  When a petitioner has yet to prove entitlement, a special master "may award an amount of compensation" for reasonable attorneys' fees and costs "if the special master . . . determines that the petition was brought in good faith and there was a reasonable basis for the claim."  42 U.S.C. § 300aa-15(e)(1)(B); Sebelius v. Cloer, 133 S. Ct. 1886, 1893 (2013).  In this case, respondent states that she "defers to the Special Master to determine whether or not petitioner has met the legal standard for an interim fees and costs award," but is otherwise satisfied that the statutory requirements for an award of attorneys' fees and costs are met.  Resp. Response at 3.  The undersigned finds that this claim was brought in good faith and that a reasonable basis for this claim exists, as set forth in the October 22, 2015, interim fee decision.

Ronald C. Homer, of CHCC was substituted as counsel in place of Thomas Gallagher on December 22, 2015.  A status conference was held January 13, 2016, with Sylvia Chin-Caplan appearing on behalf of CHCC.  During that status conference, petitioner's counsel stated that petitioner wished to file a supplemental expert report, and petitioner filed a report from Dr. Carlo Tornatore, a neurologist, on May 5, 2016.  See Pet. Ex. 51.  Respondent filed a supplemental expert report from Dr. Soe Mar on August 5, 2016.  See Resp. Ex. C.  A Rule 5 status conference was held on September 14, 2016, after which the parties were instructed to report on the possibility of settlement and, if the case could not be settled, to file supplemental expert reports addressing the questions identified during the status conference.  Order, dated September 16, 2016.  On October 31, 2016, and December 15, 2016, petitioner filed status reports stating that the parties have had preliminary discussions regarding settlement, but petitioner is awaiting the results of a neuropsychological evaluation in order to prepare a settlement demand.  As directed in the September 16, 2016, Order, the parties are exploring dates for an entitlement hearing in November 2017.  Sylvia Chin-Caplan left CHCC, and was substituted as the attorney of record on December 15, 2016.

The undersigned finds an award of interim attorneys' fees and costs appropriate at this time. Several cases have recognized the withdrawal of counsel as a circumstance under which an award of interim fees may be appropriate. See, e.g. Rehn v. Sec'y of Health & Human Servs., 126 Fed. Cl. 86, 92 (2016) (the special master may consider whether the attorney has withdrawn or been discharged as a factor pertinent to awarding interim fees, particularly where there may be an indefinite delay until the matter is ultimately resolved); Woods v. Sec'y of Health & Human Servs., No. 10-377V, 105 Fed. Cl. 148, 154 (2012) ("The Special Master reasonably concluded that delaying a fee award to counsel who had ended their representation for an indeterminable time until the case was resolved sufficed to constitute the type of 'circumstances' to warrant an interim fee award."); Bear v. Sec'y of Health & Human Servs., No. 11-362V, 2013 WL 691963, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2013) ("the fact that counsel is withdrawing *can be one* important factor, supporting an interim award"); Smirniotis v. Sec'y of Health & Human Servs., No. 14-617V, 2016 WL 859057, at *2 (Fed. Cl. Spec. Mstr. Feb. 12, 2016) ("paying attorneys when their service is complete is appropriate").

In this case, any entitlement hearing would not take place for another eleven months, and will require petitioner to file at least one additional expert report. A decision regarding entitlement would not be rendered for at least several months after the hearing, and the parties would then need even more time to resolve damages. Thus, if the case proceeds to hearing, the ultimate resolution of the case will not be until well into 2018 at the earliest. Although the parties are again discussing settlement, even if settlement is reached, it is uncertain if or when such an agreement might be reached. The undersigned finds an award of interim fees at this time appropriate in order to resolve CHCC's involvement with the case given the firm's withdrawal as petitioner's counsel and the fact that it is uncertain when the case will be resolved.

### a. Reasonable Attorneys' Fees

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008). Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See Savin v. Sec'y of Health & Human Servs., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y or Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cl. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in his experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners notice and opportunity to respond. See Sabella v. Sec'y of

Health & Human Servs., 86 Fed. Cl. 201, 209 (Fed. Cl. 2009).  A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees.  Broekelschen v. Sec'y of Health & Human Servs., 102 Fed. Cl. 719, 729 (Fed. Cl. 2011).

### i.   Hourly Rates

Petitioner requests the following hourly rates for 2015 through 2016:

Christina Ciampolillo: $300
Sylvia Chin-Caplan: $400
Ronald Homer: $400
Paralegals: $135

See generally Pet. App., Tab A.  The issue of reasonable 2014-2015 forum rates for the Conway, Homer & Chin-Caplan firm was recently ruled upon by the undersigned in McCulloch v. Sec'y of Health & Human Servs., No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).  The requested rates are consistent with the rates awarded in McCulloch, and the undersigned finds them reasonable.  See McCulloch, 2015 WL 5634323, at *21.

### ii.   Hours Expended

Petitioners request compensation for 7.00 hours of work performed by Ms. Ciampolillo, 112.20 hours for Ms. Chin-Caplan, 2.40 hours for Mr. Homer, and 47.90 hours for paralegals. See Pet. App., Tab A at 29.  On review of the billing record, the undersigned finds the hours expended reasonable.

### b.   Costs

Petitioner requests a total of $10,660.31 in attorneys' costs.  Pet. App. at 1; Pet. App., Tab A at 28.  The requested costs consist primarily of medical record fees and the cost of obtaining an expert report.  Pet. App., Tab A, at 28; Pet. App., Tab B.  The undersigned finds these requested costs reasonable.

## II.   Conclusion

Upon review of the documentation of the requested attorneys' fees and costs, and based on his experience with the Vaccine Act and its attorneys, the undersigned finds the requested total of $65,066.81 reasonable.

The undersigned awards attorneys' fees and costs as follows:

> **(1) A lump sum of $65,066.81 in the form of a check payable jointly to petitioner and petitioner's counsel of record, Ronald C. Homer, of Conway, Homer & Chin-Caplan, P.C., for attorneys' fees and costs.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment forthwith.[3]

**IT IS SO ORDERED.**

s/Thomas L. Gowen
Thomas L. Gowen
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.