# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: August 28, 2018

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * * | | |
| MATTHEW RUPPERT, | * | UNPUBLISHED |
| | * | |
| | * | No. 13-869V |
| | * | |
| Petitioner, | * | Special Master Gowen |
| v. | * | |
| | * | Joint Stipulation; Influenza (Flu); |
| SECRETARY OF HEALTH | * | Hepatitis A; Human Papillomavirus |
| AND HUMAN SERVICES, | * | (HPV); Multiple Sclerosis (MS). |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * * | | |

<u>Sylvia Chin-Caplan</u>, Law Office of Sylvia Chin-Caplan, Boston, MA, for petitioner.
<u>Debra A. Filteau Begley</u>, United States Department of Justice, Washington, DC, for respondent.

**DECISION ON STIPULATION**[1]

On November 1, 2013, Matthew Ruppert ("Petitioner") filed a petition in the National Vaccine Injury Compensation Program ("Program").[2] Petition, ECF No. 1. Petitioner filed an amended petition on August 14, 2014, alleging that he suffered from Multiple Sclerosis ("MS") as a result of receiving the influenza ("flu"), Hepatitis A, and Human Papillomavirus ("HPV") vaccinations. Amended Petition ("Am. Petition) at 1, ECF No. 17. Petitioner received the HPV vaccination on March 3, 2012, and he received the HPV, Hepatitis A, and flu vaccinations on December 8, 2012. *Id.*

On August 28, 2018, the parties filed a joint stipulation in which they stated that a decision should be entered awarding compensation to petitioner. Stipulation for Award, ECF No. 115.

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), **because this decision contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.** The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." *Id.* **If neither party files a motion for redaction within 14 days, the decision will be posted on the court's website without any changes.** *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

Respondent denied that petitioner's alleged MS, or any other injury, was caused-in-fact by his HPV, Hepatitis A, and/or flu vaccinations. *Id.* at ¶ 6.

Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding compensation to petitioner according to the terms of the joint stipulation attached hereto as Appendix A.

**The joint stipulation awards:**[3]

1) **A lump sum of $205,000.00 in the form of a check payable to petitioner; and**

2) **An amount sufficient to purchase the annuity contract described in paragraph 10 of the Stipulation, paid to the life insurance company from which the annuity will be purchased.**

**I find the stipulation reasonable and I adopt it as the decision of the Court in awarding damages, on the terms set forth therein.**

Accordingly, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[4]

**IT IS SO ORDERED.**

s/Thomas L. Gowen
Thomas L. Gowen
Special Master

---

[3] These amount represent compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

[4] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

*************************************
| | * |
| MATTHEW RUPPERT, | * |
| | * |
| Petitioner, | * No. 13-869V |
| | * SPECIAL MASTER |
| v. | * THOMAS L. GOWEN |
| | * |
| SECRETARY OF HEALTH AND | * |
| HUMAN SERVICES, | * |
| | * |
| Respondent. | * |
*************************************

## STIPULATION

The parties hereby stipulate to the following matters:

1. Petitioner filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of influenza ("flu"), Hepatitis A, and Human Papillomavirus ("HPV") vaccines, which vaccines are contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).[1]

2. Petitioner received an HPV immunization on March 3, 2012, and HPV, Hepatitis A, and flu immunizations on December 8, 2012.

3. The vaccines were administered within the United States.

4. Petitioner alleges that he developed multiple sclerosis ("MS") that was caused by an HPV vaccine administered on March 3, 2012, and/or HPV, Hepatitis A, and/or flu vaccines administered on December 8, 2012, and that he experienced the residual effects of this injury for more than six months.

---

[1] In a petition filed on November 1, 2013, petitioner alleged that HPV vaccines administered on both March 3, 2012 and December 8, 2012, caused him to develop MS. On August 14, 2014, petitioner filed an amended petition and claimed that Hepatitis A and flu vaccines administered on December 8, 2012, also caused him to develop MS.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on his behalf as a result of his condition.

6. Respondent denies that petitioner's alleged MS, or any other injury, was caused-in-fact, by his HPV, Hepatitis A, and/or flu vaccinations.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

    a. A lump sum of $205,000.00, in the form of a check payable to petitioner; and

    b. An amount sufficient to purchase the annuity contract described in paragraph 10 below, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").

These amounts represent compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. The Life Insurance Company must have a minimum of $250,000,000.00 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

    a. A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;

    b. Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;

    c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

    d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating:

AA-, AA, AA+, or AAA.

10. The Secretary of Health and Human Services agrees to purchase an annuity contract from the Life Insurance Company for the benefit of petitioner, pursuant to which the Life Insurance Company will agree to make payments periodically to petitioner as follows:

   a. For future unreimburseable health insurance premiums, beginning on the first anniversary of the date of judgment, a monthly payment of $357.54 to be paid up until the anniversary date of judgment in 2059, increasing at the rate of four percent (4%), compounded annually from the date of judgment.

   b. For future unreimburseable health insurance deductibles, beginning on the first anniversary of the date of judgment, a monthly payment of $554.17 to be paid up until the anniversary date of judgment in 2059, increasing at the rate of four percent (4%), compounded annually from the date of judgment.

   c. For future unreimburseable Medicare supplemental insurance premiums, beginning one month after the anniversary date of the judgment in 2059, a monthly amount of $100.50 to be paid for the remainder of petitioner's life, increasing at the rate of four percent (4%), compounded annually from one month after the anniversary date of judgment in 2059.

   d. For future unreimburseable Medicare Part D premiums and other unreimbursed medical expenses, beginning one month after the anniversary date of judgment in 2059, a monthly amount of $3,270.00, to be paid for the remainder of petitioner's life, increasing at the rate of 4% compounded annually from one month after the anniversary date of judgment in 2059.

The petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as he is alive at the time that a particular payment is due. Written notice to the Secretary of Health and Human Services and the Life Insurance Company shall be provided within twenty (20) days of petitioner's death.

11. The annuity contract will be owned solely and exclusively by the Secretary of Health and Human Services and will be purchased as soon as practicable following the entry of a judgment in conformity with this Stipulation. The parties stipulate and agree that the Secretary of Health and Human Services and the United States of America are not responsible for the

payment of any sums other than the amounts set forth in paragraph 8 herein and the amounts awarded pursuant to paragraph 12 herein, and that they do not guarantee or insure any of the future annuity payments. Upon the purchase of the annuity contract, the Secretary of Health and Human Services and the United States of America are released from any and all obligations with respect to future annuity payments.

12. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

13. Petitioner and his attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

14. Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 12 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

15. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimburseable expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of petitioner as contemplated by a strict construction of 42 U.S.C. §300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

16.     In return for the payments described in paragraphs 8 and 12, petitioner, in his individual capacity and on behalf of his heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300 aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from the HPV vaccine administered on March 3, 2012, and or the HPV, Hepatitis A, and/or flu vaccinations administered on December 8, 2012, as alleged by petitioner in a petition for vaccine compensation filed on or about November 1, 2013, and or an amended petition for vaccine compensation filed on or about August 14, 2014, in the United States Court of Federal Claims as petition No. 13-869V.

17.     If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

18.     If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

19.     This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 12 above. There is absolutely no agreement on the part

of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

20. Petitioner hereby authorizes respondent to disclose documents filed by petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

21. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that petitioner's alleged MS, or any other injury or condition, was caused-in-fact the HPV, Hepatitis A, and/or flu vaccinations.

22. All rights and obligations of petitioner hereunder shall apply equally to his heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/

Respectfully submitted,

PETITIONER:

*[signature]*

MATTHEW RUPPERT

ATTORNEY OF RECORD FOR
PETITIONER:

*[signature]*

SYLVIA CHIN-CAPLAN
Law Office of Sylvia Chin-Caplan
One International Place, Suite 1400
Boston, MA 02110
(617) 535-7571

AUTHORIZED REPRSENTATIVE
OF THE ATTORNEY GENERAL:

*Catharine E Reeves*
*by Heather L Pearlman*

CATHARINE E. REEVES
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:

*Ward Sorensen for*

NARAYAN NAIR, M.D.
Director, Division of Injury
Compensation Programs
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD 20857

ATTORNEY OF RECORD FOR
RESPONDENT:

*[signature]*

DEBRA FILTEAU BEGLEY
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 616-4181

Dated: 07/13/18 DAFB

Filing date 8/28/2018

7