# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: May 30, 2019

| | |
|---|---|
| * * * * * * * * * * * * * | |
| MATTHEW RUPPERT,             * | UNPUBLISHED |
|                              * | |
|     Petitioner,    * | No. 13-869V |
|                              * | Special Master Gowen |
| v.                           * | |
|                              * | Attorneys' Fees and Costs |
| SECRETARY OF HEALTH          * | |
| AND HUMAN SERVICES,          * | |
|                              * | |
|     Respondent.    * | |
| * * * * * * * * * * * * * | |

Sylvia Chin-Caplan, Law Office of Sylvia Chin-Caplan, Boston, MA, for Petitioner.
Debra A. Filteau Begley, United States Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On February 13, 2019, Matthew Ruppert ("Petitioner") filed a motion for attorneys' fees and costs. Petitioner's Motion for Attorney Fees ("Fees App.") (ECF No. 126). For the reasons discussed below, the undersigned **GRANTS** Petitioner's motion for attorneys' fees and costs and awards a total of **$54,897.47.**

### I.   Procedural History

On November 1, 2013, Petitioner filed a petition in the National Vaccine Injury Compensation Program.[2] Petitioner filed an amended petition on August 14, 2014, alleging that he suffered from Multiple Sclerosis ("MS") as a result of receiving the influenza ("flu"), Hepatitis A, and Human Papillomavirus ("HPV") vaccinations. Petitioner received the HPV vaccination on

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

March 3, 2012, and he received the HPV, Hepatitis A, and flu vaccinations on December 8, 2012. On August 28, 2018, the parties filed a stipulation, which I adopted as my Decision awarding damages on the same day. Decision, ECF No. 116.

On February 13, 2019, Petitioner filed a motion for attorneys' fees and costs. Petitioner requests compensation for his attorney, Ms. Sylvia Chin-Caplan, in the total amount of $54,927.40, representing $51,086.30 in attorneys' fees and $3,841.10 in costs. Fees App. at 1. Pursuant to General Order No. 9, Petitioner warrants that he not personally incurred any costs in pursuit of this litigation. ECF No. 127. Respondent reacted to the fees motion on March 1, 2019, indicating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and recommending that "the special master exercise his discretion and determine a reasonable award for attorneys' fees and costs." Response at 2-3 (ECF No. 128). Petitioner did not file a reply. The matter is now ripe for adjudication.

II.    **Analysis**

Under the Vaccine Act, the special master may award reasonable attorneys' fees and costs for a petition that does not result in an award of compensation, but was filed in good faith and supported by a reasonable basis. § 300aa–15(e)(1). In this case, Petitioner was awarded compensation pursuant to a stipulation, and therefore he is entitled to an award of reasonable attorneys' fees and costs.

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n. 1. The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99–537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

a.  **Attorneys' Fees**

Petitioner requests the following rates of compensation for his attorney, Ms. Chin-Caplan: $400.00 per hour for work performed in 2016, $414.00 per hour for work performed in 2017, and $429.00 per hour for work performed in 2018. Fees App. at 29. These rates are consistent with what Ms. Chin-Caplan has previously been awarded for her work in those years. *See Anderson v. Sec'y of Health & Human Servs.*, No. 02-1314V, 2018 WL 6787880, at *2 (Fed. Cl. Spec. Mstr. Nov. 16, 2018). Accordingly, no adjustment to the requested rates is required.

Upon review of the submitted billing statement, I find the overall hours spent on this matter appear to be reasonable. The billing entries are reasonable and accurately describe the work being performed and how long it took to perform each task. Respondent also has not identified any particular entries as being objectionable. Therefore, Petitioner is entitled to the full amount of attorneys' fees sought, **$51,086.30**.

b.  **Attorneys' Costs**

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests total attorneys' costs in the amount of $3,841.10, comprising of the cost of acquiring medical records, postage, and the expert work of Dr. Carlo Tornatore. Fees App. at 31-35. Petitioner has provided adequate documentation supporting all these costs, and they shall be reimbursed in full. However, the total of these requested costs is $3,811.17, while petitioner's motion requests $3,841.10. Because Petitioner has not provided documentation for the remaining $29.93, I will award Petitioner final attorneys' costs of **$3,811.17**.

III.   **Conclusion**

In accordance with the foregoing, Petitioner's motion for attorneys' fees and costs is **GRANTED**. I find that Petitioner is entitled to a reimbursement of attorneys' fees and costs as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $51,086.30 |
| (Reduction of Fees) | - |
| **Total Attorneys' Fees Awarded** | **$51,086.30** |
| | |
| Attorneys' Costs Requested | $3,841.10 |
| (Reduction of Costs) | - ($29.93) |
| **Total Attorneys' Costs Awarded** | **$3,811.17** |
| | |
| **Total Attorneys' Fees and Costs** | **$54,897.47** |

**Accordingly, I award the following:**

1) **A lump sum in the amount of $54,897.47, representing reimbursement for petitioner's attorneys' fees and costs, in the form of a check payable to petitioner and his attorney, Ms. Sylvia Chin-Caplan.[3]**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).

**/s/Thomas L. Gowen**
Thomas L. Gowen
Special Master